NAZEERA SALEEBY, Respondent, v. JOHN A. SALEEBY, Appellant.— Order setting aside verdict and granting new trial unanimously affirmed, with costs to abide the event. No opinion. Present — Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ.

A. H. F. SEEGER, Respondent, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.— Judgment and order unanimously affirmed, with costs. The question as to whether the notice required by section 92 of the Insurance Law* was mailed to the last post office address known to the defendant, was a question of fact for the determination of the jury. We cannot say from the evidence here presented that their finding in that respect was contrary to the weight thereof. Present — Kelly, P. J., Rich, Jaycox, Young and Kapper, JJ.

MORRIS E. L. SHAPIRO, Respondent, v. AARON GOLDSTEIN, Appellant.— Order modified in so far as the same directs the defendant to furnish " the names and addresses of the persons in said premises 1293 East 21st Street, Brooklyn, New York, who reported said statement to the defendant, as alleged in paragraph ' Eighth ' of defendant's third separate and distinct defense," and as so modified affirmed, without costs. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

ARON SHAPIRO, Respondent, v. JACK LIPPMAN, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

LEONAS SHEPETA, Respondent, v. BRADY & GIOE, INC., Appellant.— Judgment reversed upon the law and the facts, and a new trial granted, costs to abide the event. It appears from the undisputed evidence that defendant furnished an adequate supply of suitable chains with which to prosecute the work in which plaintiff was engaged. If such be the fact, the failure to use such chains was an error of judgment or the neglect of the foreman, for either of which the master would not be responsible. (*Vogel* v. *American Bridge Co.*, 180 N. Y. 373; *Cullen* v. *Norton*, 126 id. 1; *McConnell* v. *Morse I. W. & D. D. Co.*, 187 id. 341; *Dair* v. *N. Y. & P. R. Steamship Co.*, 204 id. 341; *Wells* v. *Westinghouse, Church, Kerr & Co.*, 147 App. Div. 156; *Desmond* v. *Foundation Co.*, 142 id. 537.) The testimony in relation to the furnishing of such chains was given entirely by defendant's employees. The jury were not obliged to accept the testimony, but this question was not submitted to them for determination. Kelly, P. J., Rich, Jaycox and Young, JJ., concur; Kapper, J., dissents on the ground that the repair of the chain and its continued use thereafter were the acts of the master, regardless of the grade of the servant who made the repair and directed its continued use.

CATHERINE SULLIVAN, as Administratrix, etc., of DENNIS F. SULLIVAN, Deceased, Appellant, v. BOOTH & FLINN, LTD., Respondent.— Order granting defendant's motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kapper, JJ., concur.

---

* Amd. by Laws of 1918, chap. 130.— [REP.